UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

---

C.N., on her own behalf and
by through her Parent and Natural Guardian, J.N.    Civil File No. 07-4774(DSD/JJG)

        Plaintiffs,

v.

        **ANSWER OF DEFENDANTS**
        **INDEPENDENT SCHOOL DISTRICT**
        **NO 347, WILLMAR; SCHOOL BOARD**
        **CHAIR MICHAEL CARLSON;**
        **SUPERINTENDENT KATHRYN LEEDOM;**
        **SUSAN SMITH; AND REBECCA SIMONSON**

Willmar Public Schools,
Independent School District No. 347,
Michael Carlson, Chair, Willmar Board
of Education, in his representative capacity,
Kathryn Leedom, Superintendent, in her
personal and representative capacities,
Rebecca Simonson, Principal, in her personal
and representative capacities, and Lisa
Vander Heiden, in her personal and
Representative capacities.

        Defendants.

---

Defendants Independent School District No. 347 (hereinafter :School District"); Michael Carlson; Kathryn Leedom; Susan Smith; and Rebecca Simonson for their Answer state and allege as follows:

    1.    Deny each and every allegation contained in the Complaint except as hereinafter admitted, qualified, or otherwise answered.

    2.    Deny any and all allegations, express or implied, that Defendants violated any state or federal law or procedure, or failed to fulfill any obligation imposed by state or federal law, common law; or by contract.

3. The Preliminary Statement, Jurisdiction and Venue are not susceptible to responsive pleading and are therefore denied.

4. On information and belief, admit paragraphs 1. 10, 11, 28, 29

5. With respect to paragraph 2, admit that C.N. and her family had moved to the geographic bounds of another public school district by the time she filed her complaint and request for a local due process hearing, deny the remaining allegations.

6. With respect to paragraph 3, admit that the School District moved to dismiss Plaintiff's request for a local due process hearing for lack of jurisdiction because of her move to a different school district, state that Plaintiff's Response in Opposition To the District's Motion to Dismiss speaks for itself and deny all remaining allegations.

7. With respect to Paragraph 4, admit that Chief Administrative Law Judge Raymond Krause granted the School District's Motion and dismissed Plaintiff's request for a local due process hearing on November 15, 2007, as to the remainder of the allegations, state that these assertions require a legal conclusion and are not subject to responsive pleading.

8. With respect to Paragraphs 5, 6, 7, and 8, assert that the law speaks for itself and that such allegations do not require a responsive pleading.

9. With respect to Paragraph 9, admit that Plaintiff C.N. is a nine year old disabled student who received special education and related services from the School District from Early Childhood to the middle of her third grade school year, at which time her parent unilaterally removed her from the School District and placed her in a private school. Further admit that the Plaintiff received these services under multiple eligibility

categories and that she presented with communication and behavioral difficulties at school. Deny that Plaintiff was unable to effectively communicate and/or socialize with adults and peers. As to all other claims, state that the Defendants are without sufficient knowledge or information as to the allegations and therefore deny the same and put Plaintiff to her strict proof thereof.

    10. With respect to Paragraph 12, deny that Defendant Rebecca Simonson is responsible for the development of School District policies and procedures. On information and belief, admit all other allegations contained therein.

    11. With respect to Paragraph 13, admits that the School District is a public school district and political subdivision of the state of Minnesota and that its District office is located at 611 Fifth Street S.W., Willmar, Minnesota 56201. Deny that the School District is organized as a special education cooperative. With respect to the remainder of the allegations contained in that paragraph, state that the law cited therein speaks for itself and is not subject to responsive pleading.

    12. With respect to Paragraph 14, admit that Defendant Michael Carlson is the current chairperson of the School Board of Independent School District No. 347. Deny that he is solely responsible for the development of District policies and procedures and affirmatively state that he began his tenure as School Board Chair on January 1, 2007. Further, admit that Defendant Carlson has participated in the development and approval of some district wide policies during his tenure on the School Board, but state that the Defendants are without sufficient knowledge or information as to the relevance of those

policies to this action and therefore deny the same and put Plaintiff to her strict proof thereof.

13. With respect to Paragraph 15, admit that Defendant Leedom is the Superintendent of Independent School District No. 347. Deny that Defendant Leedom had any responsibility to provide direct supervision to Defendant Vander Heiden; further deny that she is solely responsible for the development of all District policies and procedures, admit the remainder of allegations contained in this paragraph.

14. With respect to Paragraph 16, deny that Defendant Susan Smith supervises any programming or staff in the School District. Affirmatively state that Defendant Smith holds the position of Program Coordinator/Due Process Facilitator for the School District and that this position holds no supervisory duties or authority.

15. With respect to Paragraph 17, deny that Plaintiff's move outside the geographic bounds of the School District was necessitated by the School District's refusal to ensure Plaintiff's safety as a student in its school. On information and belief, state that Plaintiff's parents built a new residence within the bounds of a different school district. Admit that Plaintiff began attending kindergarten at the School District's Jefferson Elementary, but was transferred in February 2003, at her parent's request, to Lincoln Elementary School where she continued to attend school until the middle of her third grade school year (2006-2007). Admit that the Plaintiff's resource room teacher, Lisa Vander Heiden, was reported to the Minnesota Department of Education in early fall 2006 for maltreatment of C.N. Finally, admit that two maltreatment reports had been filed previously concerning Defendant Vander Heiden, but state that these reports were

not substantiated by the Minnesota Department of Education.  As to all other allegations contained in this paragraph, state that the Defendants are without sufficient knowledge or information as to the allegations and therefore deny the same and put Plaintiff to her strict proof thereof.

16. With respect to Paragraphs 18, agree that Defendant Simonson had the direct responsibility to supervise the teachers assigned to her school, including Defendant Vander Heiden.  Also admit that Defendant Leedom holds the overall responsibility to ensure that the students enrolled in the School District a safe and appropriate education. Deny that Defendant Smith has held any supervisory responsibility in the School District. As to all other assertions in this paragraph, state that these assertions require a legal conclusion and are not subject to responsive pleading.

17. With respect to Paragraph 19, admit that one of the responsibilities of any teacher, including Defendant Vander Heiden, is to exercise control over the students with whom they work and to provide them a safe and appropriate learning environment.  As to other allegations, state that the Defendants are without sufficient knowledge or information as to the allegations and therefore deny the same and put Plaintiff to her strict proof thereof.

18. With respect to Paragraph 20, admit that a maltreatment report involving Defendant VanderHeiden was filed with the Department of Education in the fall of 2006. As to all other allegations, state that the Defendants are without sufficient knowledge or information as to the allegations and therefore deny the same and put Plaintiff to her strict proof thereof.

5

19. With respect to Paragraph 21, admit that Defendant VanderHeiden was placed on administrative leave for most of the 2006-2007 school year. As to all other allegations contained in this paragraph, state that the Defendants are without sufficient knowledge or information as to the allegations and therefore deny the same and put Plaintiff to her strict proof thereof.

20. As to Paragraph 22, admit that Plaintiff's parent asked the District to notify her whenever Defendant Vander Heiden returned to Lincoln Elementary School. Deny all other allegations contained in this Paragraph.

21. With respect to Paragraph 23, state that the Defendants are without sufficient knowledge or information as to the allegations and therefore deny the same and put Plaintiff to her strict proof thereof.

22. With respect to Paragraph 24, state that the Defendants are without sufficient knowledge or information as to the allegations and therefore deny the same and put Plaintiff to her strict proof thereof.

23. With respect to Paragraphs 25 and 26, admit that, since 2001, the Plaintiff has been evaluated by individuals practicing out of multiple clinics at the University of Minnesota, including its Pediatric Neuropsychology and Autism Spectrum Disorder Clinics. Further clarify that the results of and recommendations arising out of these evaluations were summarized in reports provided to Plaintiff and the School District and state that these documents speak for themselves and can not be accurately summarized in one or two sentences included in this Complaint.

24. With respect to Paragraph 27, state that the Defendants are without sufficient knowledge or information as to the allegations and therefore deny the same and put Plaintiff to her strict proof thereof.

25. With respect to Paragraph 30, admit that Plaintiff had an IEP dated 10/8/03 which included a behavior intervention plan that called for certain interventions to be employed when target behaviors were presented, also admit that these interventions included the use of a basket hold and referral to time outs. However, affirmatively state that these documents speak for themselves and can not be accurately summarized in one or two sentences included in this Complaint. As to other allegations, state that the Defendants are without sufficient knowledge or information as to the allegations and therefore deny the same and put Plaintiff to her strict proof thereof.

26. With respect to Paragraphs 31, 32 and 33, admit that the Plaintiff's behavior was evaluated by Tim Ardoff of the Southern Minnesota Community Support Services in November 2003. As to other allegations in these paragraphs, state that the results of and recommendations arising out of this evaluation were summarized in a report provided to Plaintiff and the School District and that these documents speak for themselves and can not be accurately summarized in one or two sentences included in this Complaint.

27. With respect to Paragraphs 34, 35, 36, admit that Plaintiff was transferred to Lincoln Elementary School, in part, because of a recommendation made by Tim Ardoff. Further admit that a behavior intervention plan was developed for Plaintiff based on some of Mr. Ardoff's recommendations. Affirmatively state, however, that the behavior intervention plan developed by Plaintiff's IEP team, including her Parent, also reflected

7

the recommendations of educators and other expert resources. Deny all remaining allegations.

28.   With respect to Paragraphs 37, 38, 39, 40, state that Mr. Ardoff's report speaks for itself and that Plaintiff's parent was fully involved in and approved of all behavioral interventions employed.  Deny all other allegations.

29.   With respect to Paragraphs 41, 42, 43, 44, 45, admit that Tim Ardoff was asked to observe Plaintiff and make recommendations, state that Mr. Ardoff's comments and recommendations were memorialized in a report, the content of which speaks for itself.  Deny that Plaintiff's parent ever raised concerns regarding her daughter's educational program or treatment at school.  Further deny that Plaintiff was subjected to any inappropriate or abusive treatment at school.  As to all other allegations, state that the Defendants are without sufficient knowledge or information as to the allegations and therefore deny the same and put Plaintiff to her strict proof thereof.

30.   With respect to Paragraphs 46, 47, 48, admit that Plaintiff's October 2005 IEP remained in effect during the 2005-2006 school year and that she made significant academic and behavioral gains under this program.  Specifically deny that Defendants acted to deceive Plaintiff's parent in any way or that Plaintiff was subjected to verbal or physical abuse.  As to all other allegations, state that the Defendants are without sufficient knowledge or information as to the allegations and therefore deny the same and put Plaintiff to her strict proof thereof.

31.   With respect to Paragraphs 49, 50, state that Plaintiff's November 2005 IEP speaks for itself and is not necessarily as Plaintiff attests.  As to all other allegations, state

8

that the Defendants are without sufficient knowledge or information as to the allegations and therefore deny the same and put Plaintiff to her strict proof thereof.

32. With respect to Paragraphs 51, 52, admit that additional evaluations and observations were completed on or around this time by the University of Minnesota and Tim Ardoff. Affirmatively state that the results of and recommendations arising out of these evaluations were summarized in reports provided to Plaintiff and the School District and state that these documents speak for themselves and can not be accurately summarized in one or two sentences included in this Complaint. Deny all remaining allegations.

33. With respect to Paragraph 53, admit that Defendant Vander Heiden maintained communication and behavioral logs for some of her students, including Plaintiff. Further, admit that the behavioral log for Plaintiff could not be located prior to the MDE's Complaint decision and that Defendant VanderHeiden believed it had been shredded at the end of the school year. State that this notebook was provided to MDE as soon as it was located and that the District has complied with all corrective actions imposed by MDE. Deny all other allegations.

34. With respect to Paragraph 54, state that the Defendants are without sufficient knowledge or information as to the allegations and therefore deny the same and put Plaintiff to her strict proof thereof.

35. With respect to Paragraph 55, state that Plaintiff's September 2006 IEP speaks for itself and is not necessarily as Plaintiff attests. Deny all other allegations.

36.  With respect to Paragraph 56, admit that Defendant was placed on administrative leave for the majority of the 2006-2007 school year.  Deny all other allegations.

37.  With respect to Paragraph 57, state that Plaintiff's IEP for school year 2006-2007 speaks for itself.  Deny all other allegations.

38.  With respect to Paragraphs 58, 59, deny that Defendant Vander Heiden was ever alone with Plaintiff during the 2006-2007 school year.  As to other allegations, state that the Defendants are without sufficient knowledge or information as to the allegations and therefore deny the same and put Plaintiff to her strict proof thereof.

39.  With respect to Paragraphs 60, 61, admit that Defendant Vander Heiden returned to her teaching position for a short period on or around October 2, 2007.  Further admit that Plaintiff's parent telephoned Superintendent Leedom several times at work and one time at home to discuss her concerns about Defendant Vander Heiden.  Deny that these concerns were ignored or discounted in any way.  As to all other allegations, state that the Defendants are without sufficient knowledge or information as to the allegations and therefore deny the same and put Plaintiff to her strict proof thereof.

40.  With respect to Paragraph 62, deny these allegations and put Plaintiff to her strict proof thereof.

41.  With respect to Paragraphs 63, 64, 65, 66 and 67, deny that Plaintiff was treated inappropriately or subjected to physical or verbal abuse in her school environment.  Further deny that Defendants failed to appropriately investigate and respond to any complaints brought regarding Defendant Vander Heiden.  Affirmatively

10

state that Plaintiff's parent was communicated with regularly and was fully aware of any restraints to which her child was subjected. State additionally that Defendant Simonsen's comment regarding a negative classroom environment referred to the paraprofessional's dislike of and failure to get along with Defendant Vander Heiden. As to all other allegations, state that the Defendants are without sufficient knowledge or information as to the allegations and therefore deny the same and put Plaintiff to her strict proof thereof.

42. In respect to Paragraph 68, admit that Plaintiff's parent filed a complaint with the Department of Education's Accountability and Compliance Division. State that the Defendant School District's response to this complaint and the Department's complaint decision speak for themselves. Affirmatively assert that the Defendant School District did not agree with the findings and conclusions contained in the Complaint decision, but that it has, nevertheless, fully complied with all corrective action orders resulting there from.

43. As to Paragraph 69, deny that Defendants failed to appropriately implement plaintiff's behavior intervention plan. Further deny that Plaintiff was treated inappropriately or subjected to physical or verbal abuse in her school environment. As to other allegations, state that the Defendants are without sufficient knowledge or information as to the allegations and therefore deny the same and put Plaintiff to her strict proof thereof.

44. With respect to Paragraph 70, state that the Minnesota Department of Education's decisions speak for themselves. Admit that the Student's behavior log was

not available during the course of the MDE complaint investigation.  Deny all remaining allegations and note the repetitive nature thereof.

      45.    With respect to Paragraph 71, deny that the Defendant has ignored or failed to appropriately respond to any request that it has received pursuant to the Minnesota Government Data Practices.

      46.    With respect to Paragraph 72, 73, 74, deny the allegations and put Plaintiff to her strict proof thereof.

      47.    With respect to Paragraphs 75, 76, 77, 78, admit that Defendant School District timely retained  Ratwik, Roszak, & Maloney, P.A. to conduct investigations into complaints it received concerning Defendant Vander Heiden's conduct and that the Law Firm provided its findings and conclusions to Defendant School District.

      48.    With respect to Paragraph 79, admit that Defendant Vander Heiden's personnel file contains no discipline.  Further, admit that she is currently assigned to teach at Lakeview School and work with students who have been placed at the Willmar Regional Treatment Center.

      49.    Deny Paragraphs, 80, 90, 91, 92, 95.

      50.    With respect to Paragraphs 82, 83, 84, 85, 86, 87, 88, 89, 93, 94, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, Defendants assert that these allegations are not subject to responsive pleading.

## AFFIRMATIVE DEFENSES

1. Affirmatively state that Plaintiff's claims are barred, in whole or in part, by Minn. Stat. § 125A.091, applicable statute or period of limitations, or Plaintiff's failure to properly exhaust administrative remedies.

2. Affirmatively state that Defendant, at all times relevant to this action, acted in good faith and in full compliance with the applicable laws.

3. Affirmatively assert that Plaintiff has requested relief not authorized by the laws on which she purports to rely.

4. Affirmatively state that some or all of Plaintiff's claims are barred by the doctrines of unclean hands, waiver, laches, collateral estoppel or res judicata.

5. Affirmatively state that all or some of Plaintiff's Complaint fails to state a claim upon which relief may be granted, in whole or in part.

6. Affirmatively state that this Complaint is not warranted by existing law, well grounded in fact nor supported by any good faith argument for extension, modification, or reversal of existing law.

8. Affirmatively allege that the Court lacks subject matter jurisdiction over some or all of this Complaint.

9. Affirmatively state that Plaintiff has failed to mitigate any damages.

10. Affirmatively allege that all or some of Plaintiff's claims are or may be barred pursuant to Minn. Stat. § 466.12 Subd. 3a.

11. Affirmatively allege that some or all of the claims set forth in the Complaint are or may be barred by immunity, whether created by common law, statutory,

or otherwise, and whether set forth as official, discretionary, absolute, qualified, conditional, or other type of immunity or privilege.

12.     Affirmatively allege that the actions of Defendants with respect to Plaintiff were not motivated by any discriminatory intent or any other discriminatory basis.

13.     Affirmatively allege that the policies and procedures used by Defendants were non-discriminatory, both fair in form and operation.

15.     Affirmatively allege that Plaintiff's Complaint is without merit, is asserted in bad faith, is frivolous and that Defendants are entitled to recover their attorney fees.

16.     Affirmatively assert that the damages, if any, were caused solely by Plaintiff's own actions or the actions of their agents; and their own negligence or the conduct of others over whom Defendants have no control.

17.     Without admitting any claim, affirmatively assert that Defendants' liability is limited pursuant to Minn. Stat. §466.04 and Minn. Stat.§466.06.

WHEREFORE, this Answering Defendant prays that Plaintiff takes nothing against Defendants by the pretended cause of action, that the same be dismissed with prejudice, and that Defendants recover judgment for its costs, disbursements, and whatever relief the Court deems just and equitable.

                                                                             **RATWIK, ROSZAK & MALONEY, P.A.**

Dated:_____   By:_____
                                                                              Nancy E. Blumstein
                                                                              Attorney Reg. No. 227638
                                                                              300 U.S. Trust Building
                                                                              730 Second Avenue South
                                                                              Minneapolis, MN 55402
                                                                              (612) 339-0060

                                                                              ATTORNEYS FOR DEFENDANTS
                                                                              INDEPENDENT SCHOOL DISTRICT NO.
                                                                              347, SCHOOL BOARD CHAIR MICHAEL
                                                                              CARLSON, SUPERINTENDENT KATHRYN
                                                                              LEEDOM, SUSAN SMIH AND REBECCA
                                                                              SIMONSON

## ACKNOWLEDGMENT

     The undersigned hereby acknowledges that costs, disbursements and reasonable attorney and witness fees may be awarded pursuant to Minn. Stat. § 549.211, subd. 2, to the party against whom the allegations in this pleading are asserted.

Dated: Jan 2, 2008                                         By: <u>s/Nancy E. Blumstein</u>

                                                                              Nancy E. Blumstein
                                                                              Attorney Reg. No. 227638
                                                                              300 U.S. Trust Building
                                                                              730 Second Avenue South
                                                                              Minneapolis, MN 55402
                                                                              Phone: (612) 339-0060

                                                                              ATTORNEYS FOR DEFENDANTS
                                                                              INDEPENDENT SCHOOL DISTRICT NO.
                                                                              347, SCHOOL BOARD CHAIR MICHAEL
                                                                              CARLSON, SUPERINTENDENT KATHRYN
                                                                              LEEDOM, SUSAN SMIH AND REBECCA
                                                                              SIMONSON

RRM:     113734/neb